J-S12027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLAYTON RAYMOND AXE | |
| Appellant | No. 1338 MDA 2016 |

Appeal from the PCRA Order July 13, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001975-2011

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 10, 2017**

Clayton Raymond Axe appeals *pro se* from the order entered July 13, 2016, in the Court of Common Pleas of York County, dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46.  A jury convicted Axe of criminal attempt – sexual assault, and indecent exposure.[1]  Axe was sentenced to an aggregate term of 54 months to 10 years' imprisonment, and was required to register as a sexual offender with the Pennsylvania State Police for a minimum of 10 years.  In this appeal, Axe raises numerous issues, including ineffectiveness of counsel, and the timeliness of the instant petition.  **See** Axe's Brief at 4–5.  Based upon the following, we affirm.

---

[1] 18 Pa.C.S. §§ 903 and 3127(a).

The facts underlying Axe's arrest and convictions are summarized in the prior memorandum decisions of this Court in this case, and we need not reiterate them herein.  On April 12, 2012, the trial court sentenced Axe as stated above.  This Court affirmed the judgment of sentence on June 27, 2013, and the Pennsylvania Supreme Court denied allowance of appeal on January 6, 2014.  **Commonwealth v. Axe**, 82 A.3d 473 (Pa. Super. 2013) (unpublished memorandum) (affirming judgment of sentence), *appeal denied*, 84 A.3d 1061 (2014).

Axe's first PCRA petition was filed on December 15, 2014, raising two claims of ineffectiveness of trial counsel.  Following an evidentiary hearing, the PCRA court dismissed Axe's first petition, by order entered on March 4, 2014.  On December 11, 2015, this Court affirmed the denial of PCRA relief and, on April 12, 2016, the Pennsylvania Supreme Court denied allowance of appeal.  **See Commonwealth v. Axe**, 135 A.3d 656 (Pa. Super. 2015) (affirming denial of PCRA relief), *appeal denied*, ___ A.3d ___ (Pa. 2016).

Axe filed this second PCRA petition on June 6, 2016.  The PCRA court issued Pa.R.Crim.P. 907 notice on June 16, 2016, and Axe filed a response to the Rule 907 notice on July 11, 2016.  The PCRA court dismissed the petition on July 14, 2016.  This appeal timely followed.[2]

Our standard of review is well established:

---

[2] Axe timely complied with the order of the PCRA court to file a Pa.R.A.P. 1925(b) concise statement.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Taylor***, 620 Pa. 429, 67 A.3d 1245, 1248 (Pa. 2013) (quoting ***Commonwealth v. Rainey***, 593 Pa. 67, 928 A.2d 215, 223 (Pa. 2007)).

***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016). At the outset, we address the timeliness of Axe's second PCRA petition, which is the seventh and final issue raised in this appeal. ***See*** Axe's Brief at 38–41.

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature." ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). A PCRA petition must be filed within one year of the date the judgment becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). Under the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

There are three statutory exceptions to the PCRA's time bar. Specifically, to overcome the timeliness requirements, a petitioner must plead and prove one of the following exceptions:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Furthermore, a petitioner invoking a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Axe's judgment of sentence became final on April 7, 2014, 90 days after the Pennsylvania Supreme Court denied Axe's petition for allowance of appeal on January 6, 2014, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. **See** U.S.Sup.Ct.R. 13; 42 Pa.C.S. § 9545(b)(3); **see also Axe, supra**, 135 A.3d 656 (unpublished memorandum, at n.1). As such, the present petition, filed in 2016 — over two years after the judgment became final — is patently untimely.

Axe asserts he had 60 days to file the present PCRA petition, following the Pennsylvania Supreme Court's order on April 12, 2016, denying allowance of appeal on his first PCRA petition, and that this second petition — filed June 6, 2016 — was filed within the 60 days afforded under 42 Pa.C.S. § 9545(b)(1)(ii) and **Commonwealth v. Lark**, 746 A.2d 585, 588 (2000).

In **Lark**, the Pennsylvania Supreme Court explained the procedure for filing a PCRA petition when a pending PCRA petition is resolved:

[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. **If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition**, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

*Id.* at 588 (emphasis supplied).

Although Axe's present petition meets the 60-day requirement, in accordance with *Lark*, our review confirms that the petition fails to satisfy any PCRA exception to overcome the time bar. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). *See Lark, supra.* Specifically, Axe's reliance on the statutory exception set forth at 42 Pa.C.S. § 9545(b)(1)(ii) is misplaced.

Section 9545(b)(1)(ii) provides an exception to the PCRA's one-year time restriction where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Axe asserts his second petition is "the first opportunity for [Axe] to file ineffectiveness claims against PCRA counsel … after the Pennsylvania Supreme Court denied [a]llowance of [a]ppeal on April 12, 2016[,] in the 'First' PCRA challenge." Axe's Brief at 39. However, Axe's argument that PCRA counsel's

ineffectiveness constitutes a newly discovered fact for purposes of Section 9545(b)(1)(ii), has been rejected by the Pennsylvania Supreme Court.

In **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000), the Pennsylvania Supreme Court explained:

> Appellant's attempt to interweave concepts of ineffective assistance of counsel and after-discovered evidence as a means of establishing jurisdiction is unconvincing. Although Appellant formulates his assertions here in terms of the discovery of new facts not previously known to him, it is readily apparent that Appellant's argument, at its essence, is a claim for ineffective assistance of PCRA counsel layered on top of trial counsel's ineffectiveness. This Court has stated previously that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits. Nevertheless, hoping to gain the benefit of the exception, Appellant fashions the argument that the basic facts concerning PCRA counsel's representation, which allegedly highlight that PCRA counsel was ineffective, were not known to Appellant until current counsel reviewed the file. However, subsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered "fact" entitling Appellant to the benefit of the exception for after-discovered evidence. In sum, a conclusion that previous counsel was ineffective is not the type of after-discovered evidence encompassed by the exception.

**Id.** at 785 (citations omitted).

Furthermore, in **Robinson, supra**, the Pennsylvania Supreme Court rejected the appellant's argument for "an equitable exception to the PCRA's one-year filing restriction where …. a subsequent and facially untimely PCRA petition challenges the performance of PCRA counsel." **Robinson, supra**, 139 A.3d at 182.

Accordingly, as Axe's second petition fails to satisfy any statutory exception to the PCRA time bar, the PCRA court properly dismissed the instant petition as untimely.

Therefore, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/2017